Charles JONES, SA, Plaintiff–
Appellant,

v.

Marla Maples TRUMP, Donald J.
Trump, Robert Morgenthau, Kevin
Woods, the Trump Organization, Inc.,
Matthew Calamari, Deborah
Mclaughlin, Individually and as a Po-
lice Officer for the City of New York,
the City of New York, Barbara
Thompson, Individually and as a
Spokesperson for the Manhattan Dis-
trict Attorney, Donald Trump, Jr., Jef-
frey Goldman, Judith Regan, doing
business as Regan Books, Defen-
dants–Appellees,

THE PLAZA HOTEL, et
al., Defendants.

No. 02–7650.

United States Court of Appeals,
Second Circuit.

June 27, 2003.

Charles Jones, New York, NY, for Ap-
pellant, pro se.

Magda L. Cruz, Belkin Burden Wenig &
Goldman (Jay H. Berg, of counsel), New
York, NY, for Appellees Marla Maples
Trump, Donald J. Trump, The Trump Or-
ganization, Inc., Matthew Calamari, Don-
ald Trump, Jr., and Jeffrey Goldman.

Morrie I. Kleinbart, Assistant District Attorney (Robert M. Morgenthau, District Attorney New York County, on the brief), New York, NY, for Appellees Robert Morgenthau, David Woods, Deborah McLaughlin, and Barbara Thompson.

Alan Beckoff, Assistant Corporation Counsel (Michael A. Cardozo, Corporation Counsel for the City of New York), New York, NY, for Appellee The City of New York.

Victor A. Kovner, Davis Wright Tremaine, New York, NY, for Appellee Judith Regan.

PRESENT: WALKER, Chief Judge, LEVAL, and KATZMANN, Circuit Judges.

## SUMMARY ORDER

Plaintiff-appellant Charles Jones appeals from the April 30, 2002 judgment of the district court granting defendants' motion to dismiss under Fed.R.Civ.P. 12(b)(6), denying Jones' cross-motion for summary judgment, pursuant to Fed.R.Civ.P. 56, and dismissing Jones' complaint in its entirety. In January 2001, Jones filed a complaint pursuant to 42 U.S.C. § 1983 against defendants Marla Maples Trump ("Maples"), Donald J. Trump, The Trump Organization, Inc., Matthew Calamari, Donald Trump, Jr., Jeffrey Goldman (collectively "The Trump Defendants"), New York County District Attorney Robert Morgenthau, Assistant District Attorney Kevin Woods, Barbara Thompson, Deborah McLaughlin, and The City of New York, alleging federal constitutional and/or state law claims of malicious prosecution, false arrest and unlawful imprisonment, unlawful search and seizure, malicious use and abuse of process, retaliatory prosecution, conspiracy, violation of rights to free speech and expression under the First Amendment, violation of the New York State Constitution, intentional infliction of emotional distress, "prima facie tort of harassment," "services rendered and expenses," breach of contract and conversion of property.

The gravamen of Appellant's complaint is that the defendants participated in an alleged conspiracy pursuant to which, inter alia, (1) Jones was accused of faxing nude photographs of Maples and Trump to various individuals and the media, which photographs defendants falsely asserted were not of Maples and Trump but were instead photographs Jones altered by superimposing the faces of Maples and Trump on the bodies of nude models; and (2) defendants filed false harassment charges against Jones and had Jones arrested on false charges in order to chill his First Amendment rights by preventing him from disseminating unflattering material about Maples and Trump to the public. Jones also alleged that the defendants stole, seized, or destroyed personal property and sought to violate his intellectual property rights. He sought damages and injunctive relief.

We review the dismissal of a complaint under Fed.R.Civ.P. 12(b)(6) de novo, taking as true the material facts alleged in the complaint and drawing all reasonable inferences in favor of the plaintiff. See Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 71 (2d Cir.1998). A dismissal under Rule 12(b)(6) for failure to state a cognizable claim may be affirmed only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Citibank, N.A. v. K–H Corp., 968 F.2d 1489, 1494 (2d Cir.1992). We review a district court's denial of a motion for summary judgment de novo. Natale v. Town of Ridgefield, 927 F.2d 101, 104 (2d Cir.1991).

We have considered all of Appellant's contentions in this appeal and, for substantially the reasons set forth in Judge Stein's careful and thorough opinion, *see Jones v. Maples/Trump*, 2002 WL 287752 (S.D.N.Y. Feb.27, 2002), we find all of appellant's arguments to be without merit.

The district court properly held that all of the state claims arising from Jones' 1995 arrest other than the malicious prosecution claims were barred by the outcome of prior litigation on the same claims. With respect to Jones's remaining federal and state claims based on his 1995 and 1998 arrests, Jones failed to establish the requisite lack of probable cause to arrest and prosecute Jones for harassment. *See Posr v. Court Officer Shield # 207*, 180 F.3d 409, 414 (2d Cir.1999); *Singer v. Fulton County Sheriff*, 63 F.3d 110, 118 (2d Cir.1995). Rather, as the district court found, probable cause was established by the many complaints lodged against Jones for allegedly faxing nude photographs, as well as by Jones's previous history of harassment of Maples and Trump.

The district court properly dismissed Jones's remaining state law claims either for failure to allege requisite elements or else as barred by the applicable statute of limitations.

Further, we conclude that the district court properly denied leave to amend the complaint as futile since Jones had already amended the complaint twice and it is clear from the record that any possible amended complaint could not succeed in stating a claim.

Accordingly, the judgment of the district court dismissing the action is hereby AFFIRMED.